**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

CRYSTAL THOMPSON, an individual,　　　　　　　　　　CASE NO.:

　　*Plaintiff,*
vs.

TARGET CORPORATION, a Minnesota
corporation,

　　*Defendant.*
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **CRYSTAL THOMPSON ("THOMPSON")**, by and through her undersigned counsel, and states the following:

**CAUSES OF ACTION**

1.　　This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act of 1992 (FCRA) for (a) discrimination in violation of Title VII, (b) retaliation in violation of Title VII and (c) gender discrimination in violation of FCRA.

**PARTIES**

2.　　The Plaintiff, **CRYSTAL THOMPSON**, is an individual and a resident of Florida who at all material times resided in Alachua County, Florida and was employed by **TARGET CORPORATION ("TARGET")**.

3.　　The Defendant, **TARGET CORPORATION**, is a Minnesota corporation with a principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. **TARGET** employed **THOMPSON**.

1

4. **TARGET** employs in excess of 15 employees and is an employer under Title VII and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **THOMPSON**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Northern District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Alachua County, Florida, which is within the Northern District of Florida.  Venue is proper in the Gainesville Division under Local Rule 3.1(B) since Alachua County is within the Gainesville Division.

8. **THOMPSON** received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission (EEOC) on July 7, 2020, and the instant Complaint is filed within the time frame required under the law (*see* NOTICE OF RIGHT TO SUE attached as *Exhibit A*).

## GENERAL ALLEGATIONS

9. **THOMPSON** is a single mother, i.e., a female person, who works two jobs with different employers in order to meet her families' financial obligations.

10. **THOMPSON** was hired by **TARGET** on or about June 15, 2018.

11. **THOMPSON** was employed as a Retail Worker at **TARGET**.

12. **TARGET** was aware that **THOMPSON** worked a second job.  **THOMPSON** made this known to **TARGET** to avoid scheduling conflicts between both employers.

13. **THOMPSON** always performed her assigned duties, as an employee of **TARGET**, in a professional manner and was well qualified for her position at **TARGET**.

14. In late 2018, **THOMPSON**'s supervising manager at **TARGET** began (a) making sexually crude comments toward her, to include remarking about **THOMPSON**'s breasts and soliciting her for sex; and (b) touching **THOMPSON** in an offensive and inappropriate manner, to include grabbing her buttocks.

15. **THOMPSON** continued to be sexually harassed by her supervising manager at **TARGET** until February 2019.

16. This persistent harassment led to a change in the terms and conditions of **THOMPSON**'s employment by creating a hostile workplace.

17. On or about February 3, 2019, **THOMPSON** complained to **TARGET** about the above-described harassment committed by her supervising manager. Following this, **TARGET** told **THOMPSON** that she was the leading candidate for a promotion.

18. **TARGET** retaliated against **THOMPSO**N for reporting her supervising manager who had engaged in sexual harassment (a) by awarding the above-described promotion to another employee; and/or (b) by changing **THOMPSON**'s work hours to create a scheduling conflict with her other place of employment.

### COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

19. The Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. **THOMPSON** is a female and as such, is a member of a protected class.

21. At all material times, **THOMPSON** was an employee of the Defendant and **TARGET** was an employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

22. **THOMPSON** was, and is, qualified for the position she held with **TARGET**.

23. **THOMPSON** was subjected to disparate treatment by **TARGET**, thereby altering the terms and conditions of her employment.

24. The acts, failures to act, practices and policies of **TARGET** set forth above constitute intentional discrimination on the basis of **THOMPSON**'s sex in violation of Section 703 of Title VII, 42 U.S.C. §2000(e)(2).

25. As a direct and proximate result of the violations of 42 U.S.C. §2000(e) et seq. as referenced and cited herein, **THOMPSON** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

26. As a direct and proximate result of the violations of 42 U.S.C. §2000(e) et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **THOMPSON** is entitled to all relief necessary to make her whole as provided for under 42 U.S.C. §2000(e) et seq.

27. As a direct and proximate result of **TARGET**'s actions, **THOMPSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation and non-economic damages for mental and emotional distress.

28. **THOMPSON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, the Plaintiff, **CRYSTAL THOMPSON**, requests trial by jury of all issues so triable as a matter of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which the Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs and retirement benefits;

iii. Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of the Defendant's actions;

iv. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages;

vii. Punitive damages; and

viii. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RETALIATION

29. The Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

30. Title VII of the Civil Rights Act of 1964 prohibits employers from retaliating against employees for engaging in protected activity.

31. **THOMPSON** engaged in protected activity by opposing employment practices that she reasonably and in good faith believed were unlawful. **THOMPSON**'s opposition

5

included, but was not limited to, the Plaintiff's complaint to **TARGET** on February 3, 2019 that she was being sexually harassed by her supervising manager. **TARGET** awarded a promotion to another employee and/or altered **THOMPSON**'s work hours after she engaged in this protected activity.

32. As a direct and proximate result of the violations of 42 U.S.C. §2000(e) et seq. as referenced and cited herein, **THOMPSON** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

33. As a direct and proximate result of the violations of 42 U.S.C. §2000(e) et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **THOMPSON** is entitled to all relief necessary to make her whole as provided for under 42 U.S.C. §2000(e) et seq.

34. As a direct and proximate result of **TARGET**'s actions, **THOMPSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation and non-economic damages for mental and emotional distress.

35. **THOMPSON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, the Plaintiff, **CRYSTAL THOMPSON**, requests trial by jury of all issues so triable as a matter of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which the Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs and retirement benefits;

iii. Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of the Defendant's actions;

iv. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages;

vii. Punitive damages; and

viii. Such other relief as this Court shall deem appropriate.

**COUNT III - VIOLATION OF TITLE VII OF THE FLORIDA CIVIL RIGHTS ACT, GENDER DISCRIMINATION**

36. The Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

37. **THOMPSON** is a female and as such, is a member of a protected class.

38. At all material times, **THOMPSON** was an employee and **TARGET** was her employer covered by and within the meaning of the FCRA.

39. **THOMPSON** was, and is, qualified for the position she held with **TARGET**.

40. **THOMPSON** was subjected to disparate treatment by **TARGET**, thereby altering the terms and conditions of her employment.

41. The acts, failures to act, practices and policies of **TARGET** set forth above constitute intentional discrimination on the basis of **THOMPSON**'s sex in violation of the FCRA.

42. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **THOMPSON** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

43. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **THOMPSON** is entitled to all relief necessary to make her whole as provided for under the FCRA.

44. As a direct and proximate result of **TARGET**'s actions, **THOMPSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation and non-economic damages for mental and emotional distress.

45. **THOMPSON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, the Plaintiff, **CRYSTAL THOMPSON**, requests trial by jury of all issues so triable as a matter of right, and:

  i. Back pay and all other benefits, perquisites and other compensation for employment which the Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

  ii. Front pay, including raises, benefits, insurance costs, benefits costs and retirement benefits;

  iii. Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of the Defendant's actions;

iv. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages;

vii. Punitive damages; and

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CRYSTAL THOMPSON**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable as a matter of right by a jury in this action.

Respectfully submitted this 28th day of August 2020

By:  /s/ Adam P. Stout, Esq.
Adam P. Stout, Esq.
Law Office of Stout Defense, P.A.
Florida Bar No.: 96527
5215 SW 91st Terrace
Gainesville, Florida 32608
Telephone: (352) 505-8897
Facsimile: (352) 204-9654
E-Mail: adam@stoutdefense.com

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Crystal Thompson**<br>**2330 SW Williston Road Apt 715**<br>**Gainesville, FL 32608** | From: | **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-04746 | **Henry E. Elmore,**<br>**Investigator** | **(786) 648-5825** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**ERIKA LACOUR**
Digitally signed by ERIKA LACOUR
DN: c=US, o=U.S. Government, ou=Equal Employment Opportunity Commission, cn=ERIKA LACOUR, 0.9.2342.19200300.100.1.1=45001002872263
Date: 2020.07.07 14:40:18 -05'00'

Enclosures(s)     **for BRADLEY A. ANDERSON,**
    **Acting District Director**

07/07/2020   *(Date Mailed)*

cc:   **Respondent's Representative**

**LeeAnn Schellenberg**
**Lead ER Paralegal**
**TARGET**
**33 S. 6th Street, CC-1810**
**Minneapolis, MN 55402**

**Charging Party's Legal Representative**

**Adam Stout**
**STOUT DEFENSE, P.A.**
**5215 SW 91st Terrace**
**Gainesville, FL 32608**



EXHIBIT A